UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 5:12 CR 286-003** |
| | ) | |
| Plaintiff/Respondent, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Darryl A. Colbert,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant/Petitioner. | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Vacate Under Section 2255 (Doc. 425). For the following reasons, the motion is DENIED.

### Facts

Defendant pleaded guilty to conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine, conspiracy to distribute and to possess with intent to distribute marijuana, and conspiracy to commit money laundering. The Court sentenced defendant to 210 months incarceration. On direct appeal, the conviction was affirmed. Subsequently, upon motion, defendant's sentence was reduced to 168 months.

1

The matter is now before the Court upon defendant's Motion to Vacate Under Section 2255.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

**Discussion**

Defendant asserts two grounds for relief, but they both relate to ineffective assistance of counsel: 1) Counsel Thomas Conway mislead defendant regarding the plea agreement and 2) Counsel failed to conduct a pretrial investigation prior to advising defendant to plead guilty.

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). "In order to succeed on

an ineffective assistance of counsel claim in the context of a guilty plea, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense such that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *U.S. v. Ferguson*,
669 F.3d 756 (6th Cir. 2012) (citing *Strickland, supra* and *Hill v. Lockhart*, 474 U.S. 52, 59, (1985) ).

As to the first ground for relief, defendant asserts that his counsel mislead him into pleading guilty by informing him that his twin brother's sentence would be significantly higher if the two of them did not plead guilty. Counsel did not accurately explain the plea agreement by asserting that defendant's plea would benefit his brother when, in fact, there was no package plea agreement. Rather, the evidence against defendant was not nearly as strong as against his brother and he received no concessions by pleading guilty.

Defendant fails to satisfy the *Strickland* standard. The plea transcript shows that defendant's guilty plea was voluntarily made and that he was satisfied with his attorney. Additionally, the government demonstrates that defendant received a benefit from pleading guilty as he potentially faced a mandatory life imprisonment sentence had he been convicted at trial. But, as a result of discussions between the AUSA and defendant's counsel, defendant entered a guilty plea with a plea agreement and the government indicating it would be satisfied with a "reduced" 240 month sentence. (Samuel Yannucci aff.) Through the efforts of defendant's counsel, defendant received the lower sentence of 210 months and was positioned to secure a reduction in sentence- which did occur. Finally, contrary to defendant's

3

assertion, the government points out that the factual basis of the plea agreement shows the overwhelming evidence of defendant's guilt as charged.

As to the second ground for relief, defendant asserts that his attorney failed to conduct a proper pre-plea investigation where defendant had informed counsel that the government inaccurately based its case against defendant upon the seizure of $10,000 when, in fact, the money had been seized from defendant's brother.  Defendant informed Conway of the inaccuracy but counsel failed to investigate it. Subsequent discovery of the official records shows that the money was seized from defendant's brother. But, as the government points out, defendant's counsel did raise this issue in the motion to suppress which was rejected by this Court and affirmed on appeal.  Furthermore, both courts noted that the statement relating to the seizure of the money was not essential to a finding of probable cause and probable cause was easily satisfied even if the entire paragraph containing the purportedly false statement was stricken. Thus, defendant does not demonstrate deficient performance or prejudice.

**Conclusion**

For the foregoing reasons, defendant's Motion to Vacate Under Section 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. §  1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

                    /s/ Patricia A. Gaughan
                    PATRICIA A. GAUGHAN
                    United States District Judge

Dated: 4/6/16